```
         IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF ALABAMA
                NORTHEASTERN DIVISION
```

FILED
99 JUL -1 AM 9:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

STATE FARM FIRE AND CASUALTY   )
COMPANY,                       )
                               )
    PLAINTIFF,                 )
                               )
VS.                            )   CV98-H-2399-NE
                               )
WATER N' Wings; GREG SEARS;    )
TEDDY HAFER; PATSY BARBER,     )
                               )
    DEFENDANTS.                )

ENTERED
JUL - 1 1999

## MEMORANDUM OF DECISION

The Court has before it the April 9, 1999 motion of plaintiff State Farm Fire and Casualty Company for summary judgment. Pursuant to the Court's April 12, 1999 order, the motion was deemed submitted, without oral argument, on May 11, 1999.

### I. Procedural History

Plaintiff filed a complaint for declaratory judgment on September 23, 1998 alleging that it was not required to defend or indemnify defendants Water N' Wings, Teddy Hafer, and Greg Sears in a state court lawsuit. In moving for summary judgment, plaintiff asserts that it is not obligated under defendants' liability insurance policy either to defend or to indemnify Water

N' Wings, Hafer, and Sears in the suit brought against them in the Circuit Court of Cullman County, Alabama, by Patsy Barber. In support of its motion for summary judgment, plaintiff filed an evidentiary submission, brief, and statement of undisputed facts on April 9, 1999. In opposition to the motion for summary judgment, defendants Water N' Wings, Sears, and Hafer filed a response, statement of additional undisputed facts, and brief on May 11, 1999.

## II. Standards for Evaluating a Summary Judgment Motion

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrate the absence of a genuine issue of material fact. Id. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the

depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Id. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real Property, 941 F.2d 1428 (11th Cir. 1991)(en banc)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a

directed verdict if not controverted at trial. <u>Fitzpatrick</u>, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the non-moving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the non-moving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the non-moving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to <u>affirmatively</u> show the absence of evidence in the record to support a judgment for the non-moving party on the issue in question. This method requires more than a simple statement that the non-moving party cannot meet its burden at trial but does not require evidence negating the non-movant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the non-moving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the

movant meets its initial burden by using this second method, the non-moving party may either point out to the court record evidence, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the non-moving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the non-movant can no longer rest on mere allegations, but must set forth evidence of specific facts. Lewis v. Casey, 518 U.S. 343, 358 (1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

### III. Relevant Undisputed Facts

On March 12, 1998, Patsy Barber filed a complaint against Water N' Wings, Greg Sears, and Teddy Hafer in the Circuit Court of Cullman County, Alabama. Barber's complaint contains the following claims: (1) outrage, based on the "defendants' combined actions of outrage, fraud, assault and battery, invasion of privacy, negligent hire, supervision, and training of employees and harassment of" Barber; (2) assault and battery, based on the defendants' authorizing, ratifying, and/or condoning offensive sexual touchings by Barber's supervisors; (3) negligent hiring, supervision, and retention of its employees regarding sexual harassment, assault and battery, and invasion of privacy; (4)

invasion of privacy, based on Sears and Hafer's constant inquiries into and publication of facts relating to Barber's private life; and (5) fraud, based on the defendants' willful, wanton, and/or negligent misrepresentations regarding Barber's prospective salary and health benefits to induce Barber to resign from her position with another company and accept a position with Water N' Wings. Barber seeks compensatory damages for mental anguish, medical expenses, and loss of income; punitive damages; and injunctive relief from Water N' Wings, Sears, and Hafer for their alleged conduct.

Plaintiff State Farm Fire and Casualty Company has issued Business Policy No. 93-CE-0122-2 to Hafer, doing business as Water Wings Pet Store. The policy covers, among other things, claims for bodily injury, personal injury, or property damage caused by an occurrence. (Business Policy § II: Comprehensive Business Liability, Coverage L - Business Liability, at 20.) "Property damage" includes injury to or loss of tangible property. (Business Policy § II: Comprehensive Business Liability, Coverage L - Business Liability, at 33.) "Bodily injury" is defined by the policy as "bodily injury, sickness or disease sustained by a person." (Business Policy § II: Comprehensive Business Liability, Section II Definitions, at 32.)

"Occurrence" is defined as an accident which results in bodily injury or the commission of an offense which results in personal injury. (Business Policy § II: Comprehensive Business Liability, Section II Definitions, at 32.) The policy specifically excludes bodily injury arising out of "employment-related policies, acts or omissions." (Business Policy § II: Comprehensive Business Liability, Business Liability Exclusions, at 22.) Defendants Water N' Wings, Sears, and Hafer claim coverage under the policy.

### IV. Applicable Substantive Law and Analysis

"An insurance company's duty to defend its insured is determined by the language of the insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured." American States Ins. Co. v. Martin, 662 So. 2d 245, 247 (Ala. 1995). The Court looks to the specific language of the policy and the underlying state claims to determine if plaintiff owes a duty to Water N' Wings, Sears, and Hafer to defend them in the action brought by Barber.

**Claims for Medical Expenses and Loss of Income**

The policy at issue covers claims for bodily injury, personal injury, advertising injury, and property damage. Under the policy, "property damage" means injury to or loss of tangible property. The definition does not include economic loss, such as

7

failure to provide medical benefits or income as promised. See Oxford Lumbar Co. v. Lumbermens Mut. Ins. Co., 472 So. 2d 973, 976-77 (Ala. 1985) (employee's claim for insured's failure to provide medical benefits not covered); see generally American States Ins. Co. v. Martin, 662 So. 2d 245, 248 (Ala. 1995). Therefore, Barber's claims for medical expenses and loss of income against Water N' Wings, Sears, and Hafer are not covered by the business policy.

**Claims for Mental Anguish**

The business liability policy covers claims for "bodily injury" arising out of an "occurrence." The policy at issue defines bodily injury as "bodily injury, sickness or disease sustained by a person." Barber's claims for mental anguish fall within the bodily injury provision because the term "bodily injury" includes mental anguish under Alabama law. See American States Ins. Co. v. Cooper, 518 So. 2d 708, 710 (Ala. 1987).

However, the business liability policy coverage is limited to claims arising out of an "occurrence." Under the policy, an "occurrence" is an "accident" which results in bodily injury or the commission of an offense which results in personal injury. Because the conduct at issue resulted in a bodily injury rather than a personal injury (defined as injury resulting from false

8

arrest, malicious prosecution, wrongful eviction, or certain wrongful publications of personal information), the issue before the Court is whether any of the conduct alleged by Barber in her complaint against Water N' Wings, Sears, and Hafer for mental anguish was an "accident."

An "accident" is unexpected and unintended, happening by chance. E.g., National Sec. Ins. Co. v. Ingalls, 323 So. 2d 384, 386 (Ala. Civ. App. 1975). None of the conduct alleged by Barber in her complaint against Water N' Wings, Sears, and Hafer happened by chance. Barber alleged in her complaint that she was subjected to unwelcome sexual advances from her supervisor and that she did not receive the salary and health benefits as promised by Sears and Hafer while working for Water N' Wings. Even her claim for negligent hiring, supervision, and retention is based upon the negligent, malicious, and willful failure to hire, train and retain adequately its employees on the subject of the sexual harassment, assault and battery, and invasion of privacy.

Defendants place much emphasis on the only "accident" in the operative facts: Barber was at one time bitten by an animal at work. However, the only relevance of the animal bite is that Barber was never compensated for medical treatment of the bite,

which is part of her fraud claim for misrepresentations regarding Barber's health benefits.[1] There is no allegation in Barber's complaint that the defendants unintentionally uttered their representations regarding Barber's salary and health benefits, or that her supervisor accidentally made sexual innuendos and unintentionally touched Barber in a sexual manner.

Because Barber's complaint does not state a claim for damages arising out of an "occurrence," her claims against Water N' Wings, Sears, and Hafer are not covered by the business policy issued by plaintiff.[2] The Court is satisfied that there is no genuine issue of material fact and that defendants have failed to set forth evidence sufficient to withstand the motion for summary judgment filed by plaintiff. Plaintiff's motion for summary judgment is due to be granted, and a separate declaratory

---

[1] Barber's complaint states: "In December 1997, defendants brought a monkey into the store for which they did not possess the proper license. This monkey bit Ms. Barber on the arm, three times, and also on the finger. Ever since Ms. Barber was bitten, she has not felt well and has undergone numerous tests. As stated, defendants have not provided Ms. Barber with any medical insurance or worker's compensation benefits." (Emphasis added).

[2] Had the Court determined that Barber's complaint was covered by the general coverage provisions of the business policy, plaintiff would nonetheless be entitled to judgment as a matter of law because all of Barber's claims arise out of "employment-related policies, acts or omissions," which are excluded from coverage under the policy.

judgment will be entered.

DONE this 1st day of July, 1999.

_____
SENIOR UNITED STATES DISTRICT JUDGE